FILED
2015 Mar-11 PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TARGET MEDIA PARTNERS and ED LEADER, )<br>)<br>Plaintiffs )<br>)<br>vs. )<br>)<br>SPECIALTY MARKETING CORPORATION, )<br>)<br>Defendant ) | Case No. 1:14-cv-00865-HGD |

## **MEMORANDUM OPINION**

This matter comes before the court on Defendant Speciality Marketing Corporation's "Motion for More Definite Statement or to Dismiss" (doc. 12) and the magistrate judge's report and recommendation that the court deny the motion (doc. 22). Plaintiffs Target Media and Ed Leader sue Specialty Marketing for libel per se and fraudulent misrepresentations for sending allegedly false statements and materials to Target Media's advertising agencies.

For the following reasons, the court finds that the motion to dismiss is due to be DENIED in all respects *except* as to the motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P 12(b)(1), which the court will return to the magistrate judge for additional briefing.

*The Report and Recommendation*

On January 16, 2015, the magistrate judge entered his report and recommendation, recommending the following:

(1) that the court deny the motion to dismiss based on lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and insufficient process under Rule 12(b)(5). The magistrate judge found that Specialty Marketing had previously filed, and the court had denied, a motion to quash purportedly under Fed. R. Civ. P. 12(b)(5); failed to raise his Rule 12(b)(1) and (b)(2) grounds in that previous motion; and, thus, waived those defenses pursuant to Fed. R. Civ. P. 12(g)(2) and 12(h)(1). (Doc. 22 at 7);

(2) that the court deny the motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because Speciality Marketing cites no authority or argument to support its motion on this ground and the court is under no obligation to consider an underdeveloped argument (doc. 22 at 8); and

(3) that the court deny the motion for a more definite statement because Target Media sufficiently pled a claim for fraudulent misrepresentations involving Target Media's advertising agencies (doc. 22 at 12).

*Specialty Marketing's Objections to the Report and Recommendation*

On January 30, 2015, Specialty Marketing filed objections to the magistrate judge's report and recommendation, asserting that its motion to quash "was not, per

se, a rule 12(b)(6) motion" and that it did not waive any defenses by not including them in the motion to quash; that the "motion to quash was filed in unique circumstances as basically a special appearance" because his client had not been served when he filed the motion to quash; that the motion to quash was a common procedure under Alabama law before the Federal Rules were adopted, and was, thus, not a Rule 12 motion; that the motion for a more definite statement is like a motion to dismiss for failure to state a claim and is not waived under Rule 12(h)(1); and that the magistrate judge, in essence, "discarded" the specificity requirement for pleading fraud under Rule 9(b).  (Doc. 23).  The court OVERRULES *all* of Specialty Marketing's objections.

The court is unpersuaded by Speciality Marketing's objection that its motion to quash was not "per se" a Rule 12 motion.  In its motion to quash for insufficient service of process, Specialty Marketing specifically asked the court to "*dismiss this action* or in the alternative to quash purported service." (Doc. 7) (emphasis added). Such a request to dismiss on the grounds of insufficient service of process would have been one properly brought under Rule 12(b)(5).  Moreover, Speciality Marketing's claim that the motion to quash was "basically a special appearance" does not change the fact that, in the motion to quash, it requested that the court *dismiss* the action for insufficient service of process—a motion properly brought under Fed. R. Civ. P. 12(b)(5).  Further, the court finds no indication on the docket sheet that

counsel entered any type of "special appearance" for purposes of arguing that service of process was insufficient and asking the court to dismiss the action, even though counsel claims that his client had not yet been "served" at the time he filed the motion to quash service.

Speciality Marketing's objection regarding the motion to quash being a "common procedure" under Alabama law prior to the adoption of the Federal Rules of Civil Procedure also lacks merit.  The bottom line is that the Federal Rules apply in this case—not prior procedures under Alabama Law.  As such, the magistrate judge correctly found that Fed. R. Civ. P. 12(g) and 12(h) apply in this case.

Moreover, the magistrate judge was unpersuaded, as is this court, that a motion for a more definite statement and a motion to dismiss for failure to state a claim are essentially the same.  A Rule 12(e) motion for a more definite statement and a motion to dismiss for failure to state a claim are two totally different motions, and the magistrate judge correctly found that Rule 12(g)(2)'s successive Rule 12 prohibition applies to a motion for a more definite statement.  Even if Rule 12(g)(2) did not apply, the court finds that the allegations in the Complaint are sufficient to give Specialty Marketing notice of the allegations against it such that a more definite statement is not necessary.

Speciality Marketing's objection that the magistrate judge "discarded" the specificity requirements for pleading fraud under Fed. R. Civ. P. 9 is plainly wrong.

The magistrate judge discussed at length the requirements for pleading fraud and found that Target Media's Complaint sufficiently pled fraud. Just because the magistrate judge disagreed with Specialty Marketing does not mean that he discarded the law.

After a de novo review of the record in this case, the magistrate judge's report and recommendation, and Specialty Marketing's objections, the court ADOPTS the report of the magistrate judge and ACCEPTS all of his recommendations EXCEPT as to the motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). For the reasons as stated by the magistrate judge, the court finds that the motion to dismiss pursuant to Rule 12(b)(2), 12(b)(5), 12(b)(6), and 12(e) is due to be DENIED.

The court disagrees with the magistrate judge *only* to the extent that he found that, pursuant to Fed. R. Civ. P. 12(g)(2) and 12(h)(1), Specialty Marketing waived its motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) by filing the previous motion to quash pursuant to Rule 12(b)(5). Rule 12(g)(2) specifically makes an exception for motions to dismiss for lack of subject matter jurisdiction, and the waiver provision of Rule 12(h)(1) only applies to defenses listed under Rule 12(b)(2)-(5). Lack of subject matter jurisdiction is a defense listed under Rule *12(b)(1)*. In fact, Rule 12(h)(3) states that the court *must* dismiss the action if it determines, *at any time*, that it lacks subject matter jurisdiction; the parties cannot

waive subject matter jurisdiction. As such, this court finds that Specialty Marketing did not waive its defense of lack of subject matter jurisdiction.

However, the court notes that Speciality Marketing did not cite any authority or fully explain its argument as to why this court lacks subject matter jurisdiction. Specialty Marketing seems to allude to the fact that this court lacks jurisdiction over the subject matter because the Calhoun County Court has exclusive jurisdiction based on the underlying jury verdict and proceedings in the state court case—a *possible Rooker– Feldman* argument.

Although Speciality Marketing failed to fully develop this argument and cited no authority, the court does not have enough information in the record to decide if it has subject matter jurisdiction. As such, the court RETURNS the motion to dismiss for lack of subject matter jurisdiction to the magistrate judge for additional briefing and consideration.

The court will enter an Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 11th day of March, 2015.

*[signature: Karon O. Bowdre]*

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE