FILED

2015 Dec-15  PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| TARGET MEDIA PARTNERS and ED LEADER, | ) ) ) | |
| Plaintiffs | ) ) | |
| vs. | ) ) | Case No. 1:14-cv-00865-KOB |
| SPECIALTY MARKETING CORPORATION, | ) ) ) | |
| Defendant | ) ) | |

## **MEMORANDUM OPINION**

Plaintiffs Target Media and Ed Leader sued Defendant Speciality Marketing for libel per se and fraudulent misrepresentations for sending allegedly false statements and materials to Target Media's advertising agencies. On November 17, 2015, the magistrate judge entered his report and recommendation that this court should dismiss this action based on a lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine because the plaintiffs' claims are inextricably intertwined with an underlying state court jury verdict finding Target Media liable to Specialty Marketing for fraud. (Doc. 33). On December 1, 2015, the plaintiffs filed objections. (Doc. 34).

In their objections, the plaintiffs concede that "had [defendant Speciality Marketing] merely mailed public documents concerning the earlier Calhoun County litigation to its advertisers, and the contents of the letter without its final paragraph, there would be no actionable claim for defamation and misrepresentation." (Doc. 34 at 7-8). However, the plaintiffs' maintain that Speciality Marketing insinuated in the letter that the plaintiffs are "currently engaged in fraudulent activity," and thus, the *Rooker-Feldman* doctrine is inapplicable to these "new and distinct" alleged libelous actions committed by Specialty Marketing. *Id*. at 3. The plaintiffs contend in their objections that, "without the testimony of the author or authors of this letter, the language is objectively subject to more than one meaning." *Id*. at 7.

The court disagrees. After thoroughly examining the letter (doc. 27-3), the court agrees with the magistrate judge's finding that "a plain reading of [the letter]" shows that it "alleges that there are others who were victims of the same fraud perpetrated on Speciality Marketing and that many of them continue to be victims of that fraud." (Doc. 33 at 7). Moreover, for the reasons given in the Report and Recommendation, the court agrees with the magistrate judge that the letter contains "no references to a current ongoing fraudulent scheme separate and apart from the one regarding which Specialty Marketing obtained a state court judgment against plaintiffs." *Id*. at 8.

For the court in this federal action to find that Specialty Marketing committed libel per se or made misrepresentations for the statements in the letter, the court would have to find that the Calhoun County jury verdict was wrong—that Target Media committed no fraud against Specialty.  As the magistrate judge correctly stated, "[c]onsequently, whether these statements are libelous is inextricably intertwined with a state court judgment because they can only lead to a judgment favorable to plaintiffs if the state court wrongly decided the issues before it."  (Doc. 33 at 8) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987)).

Also, the plaintiffs contend in their objections that, because Speciality Marketing mailed the letter and documents to the plaintiffs' own advertising agents, the court should construe the letter as containing allegations of a current, continuing fraud.  However, the court finds that, no matter to whom Speciality Marketing mailed the letter and documents, the contents of the letter refer and pertain only to the fraud involved in the underlying state court action.

Therefore, the court OVERRULES all of the plaintiffs' objections.

After careful *de novo* consideration of the record in this case, the magistrate judge's report and recommendation and plaintiffs' objections, the court hereby ADOPTS the report of the magistrate judge.  The court further ACCEPTS the recommendations of the magistrate judge that defendant's motion to dismiss (doc. 12) be GRANTED based on a lack of subject-matter jurisdiction under Fed. R. Civ. P.

12(b)(1) pursuant to the *Rooker-Feldman* doctrine and that this action be DISMISSED WITH PREJUDICE.

The court will enter a separate Order in conformity with this Memorandum Opinion.

DONE and ORDERED this 15th day of December, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE